```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                     JACKSON DIVISION
```

**TIMOTHY P. DAVIS AND NIKKI P. DAVIS**                                                **PLAINTIFFS**

**VS.**                                            **CIVIL ACTION NO. 3:12-cv-456-HTW-LRA**

**CHASE HOME FINANCE, LLC, formerly**
**doing business as Chase Manhattan**
**Mortgage Corporation, et al.**                                                **DEFENDANTS**

<u>**REPORT AND RECOMMENDATION OF**</u>
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

District Judge Henry T. Wingate referred Plaintiffs' Motion to Remand [14] to the undersigned United States Magistrate Judge for Report and Recommendation. Having considered the pleadings and applicable authorities, the undersigned recommends that the motion be denied.

**I. Factual Background**

On May 25, 2005, Plaintiffs, Timothy P. Davis and Nikki P. Davis ("Davises" or "Plaintiffs"), entered into two mortgage loan agreements with Novastar Mortgage, Inc. ("Novastar"), regarding their real property located at 157 Van Doren Street, Pearl, Mississippi. These mortgages were later transferred to Chase and then to Greenwich Capital Financial Products, Inc., n/k/a, RBS Financial Products, Inc. ("RBS").

On February 27, 2007, Plaintiffs filed a Petition for Temporary Restraining Order and Preliminary Injunction against RBS in the County Court of Rankin County, Mississippi, seeking to enjoin a foreclosure sale of the property set for February 28,

2007. The Court allowed the sale to proceed, and the foreclosure sale was held February 4, 2009.

On February 15, 2011, Plaintiffs filed a Complaint for Discovery in the Chancery Court of the First Judicial District of Hinds County against Chase, RBS, Priority Trustees Services, LLC ("Priority") and Nationwide Trustee Services, Inc. ("Nationwide"). The Complaint asked for discovery and also asserted that Defendants had breached the loan modification agreements and had failed to apply the foreclosure moratorium. This case was transferred to Rankin County Chancery Court. That Court dismissed the Complaint, finding Plaintiffs' claims barred by the doctrine of *res judicata.*

Plaintiffs then filed a Complaint in the Circuit Court of the First Judicial District of Hinds County on February 6, 2012 (the "Circuit Court Complaint"), alleging the same underlying facts as in the prior two cases. The Defendants named in the Complaint, and their citizenship as set forth by unrebutted exhibits to Defendant Chase's response, are:

1. Chase Manhattan Mortgage Corporation, now JPMorgan Chase Bank, N.A ("Chase"), a Delaware corporation [20-19];
2. RBS Financial Products, Inc., a Delaware corporation with its principal place of business in Connecticut [20-20];
3. Priority Trustees Services, a Mississippi limited liability company whose sole member is Johnson & Freedman, LLC, a

2

      Georgia limited liability company. The only members are individual citizens of Georgia [20-18];

4. Nationwide Trustee Services, Inc., a Tennessee corporation whose principal place of business is Tennessee.[1]

Chase removed the Circuit Court Complaint to this Court on July 3, 2012 [1]. The Notice of Removal invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332, as well as federal question jurisdiction under 28 U.S.C. § 1331.

Plaintiffs filed the instant Motion for Remand, alleging as the sole basis for remand that Priority "has failed to prove that no member of their LLC is a citizen of Mississippi." Plaintiffs do not recite the citizenship for diversity purposes of any party in the motion, except to allege that Priority's members "may" be Mississippi residents. Plaintiffs do not address the federal question issue in their motion, and they have not filed a reply challenging Chase's assertion that all of Priority's members are non-residents of Mississippi.

Plaintiffs did not reply in writing to the allegations set forth in the Response, nor was any evidence submitted by Plaintiff rebutting the evidence produced by Defendant Chase. Defendant Chase's evidence presented in support of jurisdiction is contained in Exhibits "A" through "U" [20-1 through 20-21] to its response.

---

[1]Nationwide has filed bankruptcy [40], and this case is proceeding as to only the remaining Defendants.

Plaintiffs have orally stated to the Court that at least one of Priority's members may be a Mississippi resident, and they have attempted in the past to secure a deposition of that person.

## II.   Discussion

The party urging jurisdiction upon the District Court bears the burden of demonstrating that the case is one which is properly before that court.  *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993).  In this case, Defendants have met their burden of proving that this Court has both diversity and federal question jurisdiction over the case and the parties.

Plaintiffs apparently were residents of the State of Mississippi when the notes were executed on May 25, 2005.  They are now citizens of Louisiana, according to the undisputed assertions in Chase's Response [21-pp.7-8] [20-16 & 20-17].  Plaintiffs' sole basis for challenging diversity jurisdiction is their assertion that Defendant Priority "has failed to prove that no member of their LLC is a citizen of Mississippi."  In response, Defendant Chase has attached Exhibit R to its Response [20-18], an Affidavit executed by Mark A. Baker, a member of Johnson & Freedman, LLC.  Mr. Baker attests that he has personal knowledge of the members of Priority.  It is a Mississippi limited liability company whose sole member is Johnson & Freeman, LLC, a Georgia limited liability company.  The only members of Johnson & Freeman, LLC, are Larry W. Johnson, Joel A. Freedman, Mark A. Baker, and Brian K. Widener, all

of whom are individual citizens of Georgia.  None of the members of either Priority or Johnson & Freedman, LLC, are citizens of Mississippi or Louisiana.

Mr. Baker's affidavit is sworn and dated August 15, 2012. Plaintiffs have not replied or otherwise challenged the assertions made by Mr. Baker— except by oral representations.  Plaintiffs merely made conclusory allegations regarding Priority's citizenship and presented no supporting evidence whatsoever.  Simple conclusory allegations are insufficient "to deprive diverse defendants of a federal forum." *See James v. Chase Manhattan Bank*, 173 F.Supp.2d 544, 552 (N.D. Miss. 2001).  Chase's evidence is undisputed on the record and confirms this Court's jurisdiction.

The undersigned notes that Defendant Chase also removed this case based upon federal question jurisdiction, 28 U.S.C. §1331 [Notice of Removal-1, pp. 4-5].  Although Plaintiffs purport to waive any federal claims in their Complaint, they do contend that notices related to the foreclosure were provided to them pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq*. Claims under this Act are within the Court's original jurisdiction and may be removed to federal court, regardless of the amount in controversy.  *See* 15 U.S.C. §1692k(d); *Patton v. American Home Mtg. Serv., Inc.,* 2012 WL 11233666, at *2 (S.D. Miss. Apr. 2, 2012).

Plaintiffs failed to challenge federal question jurisdiction based upon the Fair Debt Collection Practices Act or to otherwise

5

respond to Defendant Chase's assertions regarding this separate jurisdictional basis.

The undersigned concludes that even if diversity jurisdiction did not exist, this Court has jurisdiction under 28 U.S.C. § 1331. The Motion to Remand should be denied.

### III. Conclusion

For these reasons, the undersigned recommends that Plaintiffs' Motion to Remand [14] be **DENIED**. A separate Report and Recommendation shall be entered regarding the Motion for Judgment on the Pleadings or to Dismiss [3] filed by Chase, after a hearing is conducted on its merits.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to these recommendations within 14 days after service. The parties are hereby notified that his failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 27th day of August, 2013.


                                                s/ Linda R. Anderson
                                                UNITED STATES MAGISTRATE JUDGE