IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

TIMOTHY P. DAVIS AND NIKKI P. DAVIS                PLAINTIFFS

VS.                          CIVIL ACTION NO. 3:12-cv-456-HTW-LRA

CHASE HOME FINANCE, LLC, formerly
doing business as Chase Manhattan
Mortgage Corporation, et al.                       DEFENDANTS

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

District Judge Henry T. Wingate referred the Motion for Judgment on the Pleadings or to Dismiss and Memorandum in Support [Docket Nos. 3, 4, & 42] filed by Defendant JPMorgan Chase Bank, N.A. ("Chase") to the undersigned United States Magistrate Judge for Report and Recommendation.[1]  Having considered the pleadings and applicable authorities, as well as the argument of counsel made at the hearing conducted on September 13, 2013, the undersigned recommends that the motion be granted and that the Complaint be dismissed with prejudice.

I. Factual Background

On May 25, 2005, Plaintiffs, Timothy P. Davis and Nikki P. Davis ("Davises" or "Plaintiffs"), entered into two mortgage loans with Novastar Mortgage, Inc. ("Novastar"), regarding their real property located at 157 Van Doren Street, Pearl, Mississippi.

---

[1]Defendants RBS Financial Products, Inc., formerly known as Greenwich Capital Financial Products Inc. ("RBS"), and Priority Trustee Services of Mississippi, LLC ("Priority") also joined in the motion.  Docket Nos. 45 & 48.

These mortgages were later transferred to Chase and then to RBS. The first mortgage loan was in the principal sum of $112,000, and the second was in the principal sum of $28,000.

Hurricane Katrina occurred in August 2005. Following it, Plaintiffs entered into separate loan modification agreements with Novastar on September 29, 2005. The loan modification agreements only extended the final maturity dates of the loans and did not forgive the indebtedness owed by Plaintiffs. Docket Nos. 3-5 and 3-6. Plaintiffs defaulted on the payments, and foreclosure proceedings were instituted under the first mortgage loan.[2] Docket No. 3-12. On October 3, 2006, Plaintiffs' first and second mortgage loans were assigned to RBS. Docket No. 3-7.

On February 27, 2007, Plaintiffs filed a Petition for Temporary Restraining Order and Preliminary Injunction against RBS in the County Court of Rankin County, Mississippi, seeking to enjoin a foreclosure sale of the property set for February 28, 2007. According to the petition, RBS breached the loan modification agreements and failed to "consider the relevancy, effect and applicability" of the foreclosure moratorium implemented after Hurricane Katrina.

---

[2]Although Plaintiffs make allegations regarding the second mortgage loan and modification agreement, only the first mortgage loan and its foreclosure are at issue in this case; there was no foreclosure of the second mortgage loan.

2

A Temporary Restraining Order ("TRO") was entered by the County Court on February 27, 2007, enjoining the foreclosure sale. On April 3, 2008, RBS filed a Motion to Dissolve Temporary Restraining Order and Dismiss Case, alleging that Plaintiffs had defaulted on their payments and that RBS had the right to foreclose on the property. By Order Dissolving Temporary Restraining Order and Dismissing Case, entered on April 8, 2008, the County Court found that Plaintiffs had not brought the case for hearing and that RBS had the right to proceed with the foreclosure.

The Court allowed the sale to proceed, and the foreclosure was held February 4, 2009. The sale was conducted by Nationwide Trustee Services, Inc. ["Nationwide"), after notice and publication. The property sold to Home Tech Construction, Inc. ("Home Tech") and Pine Belt Ventures, LLC ("Pine Belt") for $81,904.00. Docket No. 3-12.

Some two years later, on February 15, 2011, Plaintiffs filed a Complaint for Discovery in the Chancery Court of the First Judicial District of Hinds County against Chase, RBS, Priority and Nationwide. Docket No. 3-13. There, as in the instant case, the Complaint for Discovery asserted claims based upon the first and second mortgage loans, alleging that the Defendants had breached the loan modification agreements and had "failed to consider the relevancy, effect and applicability" of the foreclosure moratorium. Docket No. 3-13 at 5 (¶ 5). Paragraphs 1 through 9 of the

3

Complaint for Discovery are virtually identical to Paragraphs 2 through 10 of the TRO Petition previously filed in the County Court of Rankin County. *Compare* Docket No. 3-13 at 3-6 (¶¶ 1-9) *with* Docket No. 3-8 at 1-5 (¶¶ 2-10).

In response, Defendants filed a Motion to Transfer and Dismiss, alleging that venue lay exclusively in Rankin County rather than Hinds County and that Plaintiffs failed to state a claim. Docket Nos. 3-14 and 15. The Hinds County Chancery Court transferred the case to the Rankin County Chancery Court on November 3, 2011. Docket No. 3-16.

Chase filed a *Motion to Dismiss the Complaint for Discovery,* which was joined by RBS, Priority and Nationwide, and which was brought on for hearing in the Chancery Court of Rankin County on July 17, 2012. Docket No. 42-1. At that hearing, the Chancery Court expressly found, as evidenced by statements from the bench:

> And I've heard and considered the arguments of counsel, the facts as I understand them, and the Court finds that in February, in fact, on the 27th of February, 2007, the plaintiffs Timothy P. Davis and Nikki P. Davis filed a Petition for Temporary Restraining Order and Preliminary Injunction in the County Court of Rankin County, Mississippi. Now, they chose that venue. They went before the Court through their respective attorney, and the Court assumed jurisdiction and rendered a Temporary Restraining Order, which prevented a foreclosure in progress. Now, I looked closely at the terms in the Petition for Temporary Restraining Order, and also in the Order itself rendered by Judge McDaniel. The Petition for Temporary Restraining Order that was sought seeks attorney's fees, expenses, and costs incurred, and such other further relief which petitioners may be entitled in law or in equity, and that's specified on page six of the Petition that was filed in County Court. And then, when

4

Judge McDaniel entered the order awarding the relief, he stated in pertinent part:  That the Court will consider petitioner Davis' request for an award of attorney's fees, expenses, and costs incurred, as well as such other relief as declared by the Court to be appropriate in law or in equity.  Now, that is a broad provision, but it provides a lot of potential relief, equitable and legal relief.  At the time that this Temporary Restraining Order was filed, Mr. and Mrs. Davis had access to the Discovery that they seek in the Complaint before this Court.  They had every opportunity to initiate all kinds of discovery, depositions, interrogatories, request for production of documents, which is a specific matter before the Court in the Complaint for Discovery.  They didn't take advantage of that opportunity.  They did nothing for an extended period of time in excess of a year.  Then, after the plaintiffs took no action to make this Discovery, Greenwich filed a Motion to Dissolve Temporary Restraining Order and dismiss the case, and on April 8th, 2008 -- excuse me, 9, the -- excuse me, that was in '08, the Chancery Court issued its order dissolving the Temporary Restraining Order and dismissing the case, finding the plaintiffs had not brought this matter on for hearing, and it allowed Greenwich to proceed with enforcing its security interest in the property; in other words, to continue on and complete a foreclosure proceeding.  Now, whether Judge McDaniel issued an appropriate Order at that time is an issue that should have been brought before the County Court of Rankin County, Mississippi.

I have no authority to invade the Order of that autonomous Court, and say, well, you know, that order was issued without notice, and Mr. Calhoun and Mr. Morrow should have had a notice of the hearing, that's an argument that should be made before Judge McDaniel or some court of proper jurisdiction on a Motion or Order or Complaint to set aside that foreclosure.  It is not something that this Court should allow to be, for lack of a better term, the subject of a fishing expedition.  There is just not sufficient basis for this Court to further allow this Complaint for Discovery to stand, and it is based on the doctrine of res judicata.  The subject matter of the case before the Court today is the subject matter that existed in '07, when this Temporary Restraining Order was brought.  The crux of the matter involves a real estate foreclosure and its validity and any relief the plaintiffs are entitled to regarding the

> defendants' action related to the subject real property.
> That's simple.  And the Court finds that the subject
> matter is basically, is the same, the underlying facts
> and circumstances, save and except for what happened
> after the 2009 foreclosure.

*Id.*

On August 20, 2012, the Chancery Court then entered a *Final Judgment of Dismissal With Prejudice* (the "Final Judgment"), dismissing the Complaint for Discovery with prejudice.  Docket No. 42-2.  The Final Judgment specifically found that "the Complaint for Discovery here is also barred by the doctrine of *res judicata* based on previous litigation and Orders entered by the County Court of Rankin County, Mississippi, including the April 8, 2008 Order" dissolving the TRO, and that "[b]oth the subject matter and the causes of action are the same, including the foreclosure, its validity and the ultimate relief requested by the Plaintiffs." *Id.* at ¶ 14.

On March 19, 2013, Plaintiffs filed their *Notice of Appeal* of the Final Judgment to the Mississippi Supreme Court.  Docket No. 42-5.  Chase filed a *Motion to Dismiss Appeal* in the Supreme Court on April 19, 2013, which was joined by RBS, arguing that Plaintiffs' *Notice of Appeal* was untimely.  Docket No. 42-6.  The Supreme Court granted that Motion on July 25, 2013, concluding that the Plaintiffs' appeal "was not timely filed," dismissing the appeal.  Exhibit "A."

On February 6, 2012, before the Chancery Court's ruling, and while the Complaint for Discovery was still pending in the Rankin County Chancery Court, Plaintiffs filed a Complaint in the Circuit Court of the First Judicial District of Hinds County (the "Circuit Court Complaint"), alleging the same underlying facts as in the prior two cases.  Plaintiffs asserted causes of action for fraud, fraudulent conveyance, injunctive relief, unjust enrichment, breach of the duty of good faith and fair dealing, negligence/gross negligence, and emotional distress.  The Defendants named in the Complaint are:

1. Chase Manhattan Mortgage Corporation, now JPMorgan Chase Bank, N.A ("Chase"), a Delaware corporation [20-19];

2. RBS Financial Products, Inc., a Delaware corporation with its principal place of business in Connecticut [20-20];

3. Priority Trustees Services, a Mississippi limited liability company whose sole member is Johnson & Freedman, LLC, a Georgia limited liability company.  The only members are individual citizens of Georgia [20-18];

4. Nationwide Trustee Services, Inc., a Tennessee corporation whose principal place of business is Tennessee.[3]

---

[3]Nationwide has filed bankruptcy [40], and this case is proceeding as to only the remaining Defendants.

Chase removed the Circuit Court Complaint to this Court on July 3, 2012 [Docket No. 1], and it filed the instant Motion [Docket No. 3] on the same date, supplemented after the Chancery Court ruling on August 9, 2013 [Docket No. 42]. On July 12, 2012, after the instant case was removed on July 3, 2012, the Chancery Court of Rankin County entered its Order discussed above, dismissing the Complaint initially filed in Hinds County Chancery Court and finding Plaintiffs' claims barred by the doctrine of *res judicata.*

By separate Report and Recommendation entered on August 27, 2013, the undersigned found that jurisdiction was proper in this Court and recommended that the Motion to Remand filed by Plaintiffs on August 2, 2012, be denied. Docket No. 49. This Court adopted the Report and Recommendation and denied the Motion to Remand on September 19, 2013. Docket No. 50.

Chase alleged in its motion:

1. That it is entitled to judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), or, alternatively, the case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(4), (5), (6), & (7).

2. That Plaintiffs did not obtain timely and proper service of process on Chase, and all of the claims against it are now time barred.

3. That the claims in the Circuit Court Complaint are barred by *res judicata* due to the dismissal of the TRO petition by the County Court of Rankin County and by the dismissal of the Complaint by the Chancery Court of Rankin County.

4. That Plaintiffs have failed to state plausible claims for fraud, fraudulent conveyance, injunctive relief, unjust enrichment, breach of the implied covenants of good faith and fair dealing, negligence/gross negligence, emotional distress and punitive damages.

5. And, that Plaintiffs have failed to properly join Home Tech and Pine Belt as parties in this action under Fed.Rule Civ.P. 19(a)(1)(B).

## II.  Standard of Review

A Rule 12(c) motion for failure to state a claim is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *In re Lakes Dredge & Dock Co., LLC,* 624 F.3d 201, 209-10 (5th Cir. 2010). Under Rule 12(b)(6), a cause of action may be dismissed "for failure to state a claim upon which relief may be granted." When considering a motion brought pursuant to Rule 12(b)(6), courts must "determine whether the plaintiff has stated a legally cognizable claim that is plausible, [and] not ... evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). In so doing,

courts must liberally construe the allegations in the complaint in favor of the plaintiff, and accept all pleaded facts as true. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004). Courts, however, "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Regarding the sufficiency of the allegations, the United States Court of Appeals for the Fifth Circuit has held:

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). 'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).' *Id.* at 555.

*In re Katrina Canal Breaches Lit.*, 495 F.3d 191, 205 (5th Cir. 2007).

## III.  Discussion

**Res Judicata, Collateral Estoppel, and Full Faith and Credit**

The undersigned agrees with Defendants' contention that Plaintiffs have, for at least the third time, attempted to assert the same claims against Defendants. Docket No. 1-1 at 7-10 (¶ 1-9). In the TRO Petition and the Complaint for Discovery, Plaintiffs previously asserted claims arising from the first and second mortgage loans, and sought relief based upon the loan

modification agreements and foreclosure moratorium.  Docket No. 3-8 at 4 (¶ 8); Docket No. 3-13 at 5 (¶ 7).  In the undersigned's opinion, all of Plaintiffs' current claims are barred by the doctrines of *res judicata* and collateral estoppel.

The four identities required for *res judicata* are:

> (1) identity of the subject matter of the action;
> (2) identity of the cause of action;
> (3) identity of the parties to the cause of action; and
> (4) identity of the quality or character of a person against whom the claim is made.

*EMC Mortgage Corp. v. Carmichael,* 17 So. 3d 1087, 1090 (Miss. 2009) (internal quotation marks and citations omitted).

"Collateral estoppel precludes a party from relitigating issues that were actually litigated, determined by, and essential to the judgment in a former action even though a different cause of action is the subject of the subsequent action." *Richardson v. Audubon Insurance Co.,* 948 So. 2d 445, 449-50 (Miss. App. 2007). "The doctrine of collateral estoppel serves a dual purpose.  It protects litigants from the burden of relitigating an identical issue with the same party or his privy.  It [also] promotes judicial economy by preventing needless litigation." *Mayor and Board of Alderman, City of Ocean Springs v. Homebuilders Assoc. of Mississippi, Inc.,* 932 So. 2d 44, 59 (Miss. 2006) (internal quotation marks and citation omitted).

All four of the identities for *res judicata* are present here.  First, the subject matter of both the TRO Petition and the

11

Complaint is the real property located in Rankin County which was the subject of the deeds of trust, the modification agreements and the foreclosure proceedings.  Docket No. 3-8 at ¶¶ 1-2; Docket No. 1-1 at 7 (¶¶ 1-2).  In both actions, Plaintiffs sought relief from foreclosure proceedings involving the real property. Docket No. 3-8 at 6 (¶ 2); Docket No. 1-1 at 24 (¶ 1).

The identity of causes of action is also satisfied because "the *underlying facts* and *circumstances*" are identical in both actions.  *Carmichael,* 17 So. 3d at 1090 (emphasis in original; internal quotation marks omitted).  Both cases are founded upon Plaintiffs' allegations that the Defendants breached both the loan modification agreements and the foreclosure moratorium. Docket No. 3-8 at ¶ 8; Docket No. 1-1 at 9 (¶ 7).

Privity is also present in both the TRO Petition and Complaint.  Docket No. 3-8 at ¶ 3; Docket No. 1-1 at 7 (¶ 2.) Plaintiffs allege that both mortgage loans were "sold and assigned" to Chase, and "ultimately again" to RBS.  Docket No. 1-1 at 7 (¶ 2); Docket No. 3-8 at ¶ 3.  Under Mississippi law, "privity of interest exists among parties who are successors in interest to real estate." *Bullock v. Resolution Trust Corporation,* 918 F. Supp. 1001, 1011 (S.D. Miss. 1995); *Carmichael,* 17 So. 3d at 1091 (finding privity between mortgagee and its successor-in-interest).  Although Plaintiffs assert that

the parties are not identical, it is only because assignments of the mortgages were made-the parties are in privity.

Finally, as was the case in *Carmichael,* the fourth prong has been satisfied because the "quality and character of [Chase and RBS] are the same for res judicata purposes." *Id.* at 1091.  The undersigned finds that all of the requirements of the four identities to establish *res judicata* are met, thus barring all of Plaintiffs' claims.

In an attempt to avoid the application of *res judicata* to their claims, Plaintiffs cite *Stewart v. Guaranty Bank & Trust Co. of Belzoni,* 596 So. 2d 870 (Miss. 1992).  *See* Docket No. 44 at 9.  Plaintiffs also cited *Stewart* to the Mississippi Supreme Court in an attempt to salvage their claims.  *See* Exhibit "A." The Supreme Court, however, was not persuaded and dismissed their appeal of the Final Judgment, albeit on untimeliness grounds. *See* Docket No. 42-3.  However, the County Court's "Order Dissolving Temporary Restraining Order and Dismissing Case" was not simply "an interlocutory injunction . . . to preserve the status quo."  *Stewart,* 596 So. 2d at 873.  Rather, it was a final determination that dismissed Plaintiffs' claims and expressly allowed RBS "to proceed with enforcing its security interest in the property."  *See* Docket No. 3-11.

The claims asserted in the Complaint are also barred by collateral estoppel.  In the TRO Petition, Plaintiffs expressly

13

alleged that RBS was not entitled to foreclose on the subject property: "Immediate and irreparable injury, loss or damage has occurred, and will continue to occur (including, but not limited to the loss of the home and domicile of Petitioners Davis) unless immediate injunctive relief is granted." Docket No. 3-8 ¶ 11. After initially granting the TRO without notice or an opportunity for RBS to be heard on the Motion for TRO, the County Court ultimately concluded that RBS was "well within its contractual and legal rights to foreclose on the property," and that it "should be allowed to proceed with enforcing its security interest in the property." Docket No. 3-9.

These issues were essential to the TRO Petition, and were finally resolved against the Plaintiffs. *Id.* Thus, Plaintiffs are now collaterally estopped "from relitigating [those same] issues" here that were previously "determined by" the Rankin County Court. *See Richardson,* 948 So. 2d at 449-50.

The Final Judgment of Dismissal with Prejudice dismissing the Complaint for Discovery specifically provided:

> The Court further finds and determines that the *Complaint for Discovery* here is also barred by the doctrine of *res judicata* based on the previous litigation and Orders entered by the County Court of Rankin County, Mississippi, including the April 8, 2008 Order. **Both the subject matter and the causes of action are the same, including the foreclosure, its validity and the ultimate relief requested by the Plaintiffs.** The underlying facts and circumstances are also the same. Finally, the parties are the same because both the Rankin County Court litigation and this litigation are brought by the same

Plaintiffs against the same defendant and its successors in interest.

Docket No. 42-2 at ¶ 14 (emphasis added).

The Final Judgment of Dismissal with Prejudice was appealed, but the appeal was subsequently dismissed by the Mississippi Supreme Court.  Docket Nos. 42-5; Exhibit "A."

Two separate judicial opinions have been issued by Mississippi courts of competent jurisdiction in cases initiated by Plaintiffs. The first authorized and approved the foreclosure before the fact. The second approved its validity after the foreclosure.  Both are due the full faith and credit of this Court.

The Rankin County Court's April 8 Order dissolving the TRO dismissed Plaintiffs' claims, and expressly permitted RBS "to proceed with enforcing its security interest in the property." The fact that RBS, through its substituted trustee, proceeded with the foreclosure after receiving the judicial blessing of the Rankin County Court in litigation instituted by the Plaintiffs cannot, in and of itself, give rise to the current claims against the Defendants.

The Rankin County Chancery Court's Final Judgment expressly found the foreclosure to be valid, and the Mississippi Supreme Court dismissed Plaintiffs' appeal of that judgment.

All of these state court orders are due the full faith and credit of this Court.  *See* 28 U.S.C. § 1738.  "[F]ederal courts must give the same preclusive effect to state court judgments that

15

those judgments would receive in the courts of the state from which the judgments emerged." *Campbell v. Board of Trustees of Quitman School District,* 2006 WL 2376200, at *4 (S.D. Miss. Aug. 15, 2006).

Because the Chancery Court found that the doctrine of *res judicata* was applicable to Plaintiffs' claims, and that order is final, given the Supreme Court's dismissal of the Plaintiffs' untimely appeal, this Court is also "bound" by the Chancery Court's Final Judgment. *Shimon v. Sewerage & Water Board of New Orleans,* 565 F.3d 195, 199 (5th Cir. 2009). Thus, all of Plaintiffs' claims must be dismissed with prejudice.

Plaintiffs attempt to avoid the application of these doctrines by reference to the 2007 Order which dissolved Plaintiffs' Temporary Restraining Order granted against Defendant RBS. They contend that this Order cannot bar their current Complaint for damages against Chase, Priority and Nationwide on grounds of *res judicata.* However, the undersigned finds that the bar is also based upon the ruling of the Rankin County Chancery Court, after hearing on July 17, 2012 [Docket No. 42-1], and its Final Judgment of Dismissal with Prejudice entered on August 20, 2012. Docket No. 42-2. The parties in these lawsuits are identical when privity is considered.

Plaintiffs also assert that notice of the April 3, 2008, Motion to Dissolve Temporary Restraining Order and Dismiss Case, Docket No. 3-10, was not properly given to Tom Calhoun, one of

Plaintiffs' current counsel.   However, the motion shows that it was served on one of the attorneys of records for Plaintiffs.   In the undersigned's opinion, the failure to personally serve every attorney is not grounds to avoid the estoppel doctrines' application.

Finally, the undersigned finds that the recent case of *Maxwell v. U.S. Bank National Association*, ___ Fed. Appx. ___, 2013 WL 5816995 (5th Cir. Oct. 30, 2013) provides further authority for the recommending ruling.   Serial actions relating to a mortgage loan and foreclosure are barred by *res judicata. Id.* at *2-3.   Although Plaintiffs attempt to distinguish the current facts, the undersigned finds the case to be controlling.

Because the undersigned recommends that the Complaint be dismissed with prejudice on these grounds, it is unnecessary to discuss the remaining arguments asserted by Defendants as separate grounds for dismissal.

### IV.   Conclusion

For these reasons, the undersigned recommends that the Motion for Judgment on the Pleadings or to Dismiss [3] filed by Defendants be granted, and that this cause be dismissed with prejudice.

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party may serve and file written objections to these recommendations within 14 days after service.   The parties are

hereby notified that his failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within 14 days after being served with a copy shall bar him, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 27th day of January 2014.


s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE